IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASMIEN VAUGHN,                          §
                                         §
        Plaintiff,                       §
                                         §
v.                                       §        Civil Action No. 3:25-CV-1644-N
                                         §
EXEL, INC.,                              §
                                         §
        Defendant.                       §

**MEMORANDUM OPINION & ORDER**

This Order addresses Plaintiff Jasmien Vaughn's three motions for leave to file amended complaints [12, 14, 19], and Defendant Exel, Inc.'s two motions to strike [9, 11]. For the following reasons, the Court grants Vaughn's last motion for leave to file [19], and moots the remaining motions.

**I. ORIGINS OF THE MOTIONS**

This is an employment discrimination case. Exel, Inc., (doing business as DHL Supply Chain (USA) ("DHL")) employed Vaughn as an "Account Manager" from approximately August 2024 until March 2025. Pl.'s Mot. for Leave to Amend Ex. A at 1 [19]. Vaughn alleges that another DHL employee, David Vargas called her racial slurs, destroyed her food, and physically assaulted her. *Id*. DHL terminated Vargas and placed Vaughn on leave without pay, before later terminating Vaughn. *Id*.

Vaughn filed a charge of discrimination and retaliation with the EEOC. *Id*. at 2. Vaughn also brought several claims in state court. *See generally* Notice of Removal [1].

MEMORANDUM OPINION AND ORDER – PAGE 1

DHL removed the case on June 26, 2025. *Id.* Vaughn amended her petition[1] on October 1, 2025 [8]. DHL moved to strike [9]. Vaughn then filed a second amended complaint on October 23, 2025 [10]. DHL also moved to strike this amended complaint [11]. Vaughn moved for leave to file the second amended complaint, after the fact, on November 12, 2025 [12]. Vaughn filed a third motion to amend on December 15, 2025 [14], and a fourth motion to amend on February 10, 2026 [19]. The Court's scheduling order set stated the parties must request leave to amend pleadings by January 21, 2026. *See* Scheduling Order ¶ 2 [6].

## II. LEGAL STANDARD TO AMEND

"Motions for leave to amend are typically governed by Rule 15(a) (2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)." *Orthoflex, Inc. v. Thermotek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. 2011). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981).

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S & W Enters., L.L.C. v. SouthTrust*

---

[1] Vaughn calls her original petition in state court and her first amended complaint a "petition" [1, 8]. Vaughn then calls her subsequent amended complaints, "complaints."

MEMORANDUM OPINION AND ORDER – PAGE 2

*Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. 1998).

To meet the good cause standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline.  *See S & W Enters.,* 315 F.3d at 535.  If the movant satisfies the requirements of Rule 16(b)(4), the court must then determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2); *see S & W Enters.,* 315 F.3d at 536; *Am. Tourmaline Fields,* 1998 WL 874825, at * 1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.,* 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.,* 2009 WL 3294863, at *3 (N.D. Tex. 2009), *aff'd,* 679 F.3d 323 (5th Cir. 2012).

### III.  THE COURT GRANTS VAUGHN'S MOTION

#### A. Vaughn Demonstrated Good Cause Under Rule 16(b)(4)

The Court finds that good cause exists.  Under the first factor, the explanation for her untimeliness, Vaughn stated she failed to adhere to the scheduling order deadline because the EEOC did not issue a right to sue letter until February 2, 2026.  Pl.'s Reply ¶

MEMORANDUM OPINION AND ORDER – PAGE 3

5.  The EEOC stated it would "conclude[e] its investigation in a timely manner," and Vaughn waited according to the EEOC's instructions.  *Id*.  The Court finds that this explanation is sufficient.  Vaughn initially filed her complaint with the causes of action that did not require administrative exhaustion, such as negligence.  *See generally* Pl.'s Original Pet.  Thus, the Court finds this factor weighs in favor of allowing Vaughn to amend.

Regarding the second factor, Vaughn's Title VII and section 1981 claims are important.  "Courts deem an amendment to be important when it directly impacts a party's prospect of recovery."  *Thomas v. St. Joseph Health Sys.*, 2022 WL 4349319, at *8 (N.D. Tex. 2022) (collecting cases).  Here, not permitting amendment would cause irreparable harm.  Vaughn's amendments are claims under Title VII and section 1981, denying leave would completely bar recovery for any alleged discriminatory actions.

Third, the potential prejudice against DHL is minimal.  DHL will have plenty of opportunities to oppose Vaughn's claims against it.  And fourth, with regard to any additional deadlines, the Court sees no impediment to a continuance of those dates to cure any perceived prejudice Vaughn's amendments may create.  Moreover, the EEOC charge and the factual details underlying Vaughn's amended claims were sufficient to put DHL on notice of Vaughn's potential claims.  *E.g.*, Pl.'s Third Mot. to Amend Ex. A (Amended Petition) ¶¶ 8–10, 17–18 (alleging Vargas called her the N-word, that Vaughn reported this to her supervisor and Human Resources, and that DHL placed Vaughn on leave without pay before terminating her).  This factor, too, weighs in favor of finding that Vaughn has

MEMORANDUM OPINION AND ORDER – PAGE 4

established good cause. *Tracy Trest v. Aids Healthcare Found.*, 2024 WL 6985922, at *3 (M.D. La. 2024). Therefore, Vaughn has demonstrated good cause.

### B. The Court Grants Leave Under Rule 15(a)(2)

"The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court." *Cummings v. Blange*, 2010 WL 60193, at *1 (E.D. La. 2010) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). Rule 15(a) provides a "strong presumption in favor of granting leave to amend." *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). A request for leave to amend "should not be denied absent a substantial reason to do so." *Hall v. Louisiana*, 2013 WL 12342046, at *1 (M.D. La. 2013) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)). A court should consider the following five factors: "(1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment; and (5) futility of amendment." *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023) (citing *Smith v. EMS Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

Undue delay, bad faith, and prejudice do not weigh against Vaughn because she filed her amendments promptly after receiving her EEOC letter. This also demonstrates Vaughn did not timely amend with a dilatory motive. *See Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984) (holding it "was an abuse of discretion to not grant leave to amend because "[i]t is a sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on their merit" and the

MEMORANDUM OPINION AND ORDER – PAGE 5

"complaint adequately alleged the basis of [plaintiff's] claim, thus eliminating any possibility of prejudice to the defendants"). The Court analyzes the two remaining factors.

There is no evidence of a repeated failure to cure deficiencies by previously allowed amendments. Although Vaughn submitted several motions for leave, the motions were not due to a failure to cure *deficiencies*. Vaughn filed her first amended petition to correct the spelling of DHL's name and to include relevant procedural history. *See* Pl.'s First Amended Petition [8]. Vaughn's second amended complaint removed a paragraph she inadvertently added. *Compare id*. ¶ 2 *with* Pl.'s Second Amended Petition at 2 [10]. Vaughn's third amended complaint includes the bulk of her amendments, adding three new actions. *See* Pl.'s Third Amended Complaint Ex. A ¶¶ 19–57. Finally, Vaughn's fourth amendment attached her right to sue letter. *See* Pl.'s Fourth Amended Complaint Ex. A-1. Thus, the third factor does not weigh against Vaughn.

Finally, the amendments are not futile. The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility a court must apply the same standard as applies under Rule 12(b)(6). *Id*. That is, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id*. (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "The court 'may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

MEMORANDUM OPINION AND ORDER – PAGE 6

to relief.'"  *Id.* (quoting *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000) (internal quotations and modification omitted)).

Here, amendment is not futile because Vaughn's proposed amendments include sufficient factual detail to make out plausible claims.  *See Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013).  First, Title VII prohibits discrimination "because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e. Filing a charge with the EEOC or a comparable state agency is a condition precedent to filing a Title VII claim.  The Supreme Court held that the filing of a timely charge of discrimination with the EEOC is "not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires."  *Zipes v. Trans World Airways, Inc.*, 455 U.S. 385, 393 (1982).  After timely filing an EEOC charge, and waiting sixty days, the plaintiff can file suit or amend a pleading in a pending lawsuit.

Vaughn also sufficiently pleads her section 1981 and respondeat superior claims. *See Stripling*, 234 F.3d at 873.  Vaughn alleges specific actions by DHL that she claims violated certain listed state and federal laws.  *E.g.*, Pl.'s Fourth Amended Complaint ¶¶ 4, 8–10, 12.  DHL has not demonstrated beyond doubt that Vaughn can prove no set of facts in support of her claim which would entitle her to relief.  Thus, at this stage, the Court cannot find Vaughn's proposed amendments futile.

## CONCLUSION

Because Vaughn demonstrated good cause, and because of the strong presumption in favor of amendment under Rule 15, the Court grants Vaughn's fourth motion to amend

MEMORANDUM OPINION AND ORDER – PAGE 7

her complaint.  The Court directs the Clerk of Court to file Exhibit A of that motion as Vaughn's Amended Complaint.  Thus, the Court denies the remaining motions for leave to amend and motions to strike as moot.

Signed April 20, 2026.

_____
David C. Godbey
Senior United States District Judge